IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3156-BO

YOLONDA DEYVONNE BURT, )
        Plaintiff, )
)
v. ) **ORDER**
)
WARDEN TRACY JOHNS, et al., )
        Defendants. )

Yolonda Deyvonne Burt ("plaintiff"), a federal inmate, has filed this suit pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (D.E. # 1, compl., p. 1 ¶ 1) The FTCA claim names the United States of America as defendant and the Bivens claims names Tracy W. Johns, Correctional Officer C. Brummell, Lieutenant J. Harris, and Harley G. Lappin as defendants [D.E. 8]. Two motions are pending before the court, plaintiff's motion to appoint counsel [D.E.16] and defendants' motion to dismiss or alternatively, for summary judgment [D.E. 20].[1]

A.    Facts and Allegations

Plaintiff is a biological male who was diagnosed with Gender Identity Disorder prior to incarceration [D.E. 1, III. Statement of Facts ¶ 7]. "By the age of sixteen plaintiff began to live in a female gender role full-time . . [Id.]" Plaintiff is now approximately 54 years of age. http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=yolonda&Middle=&LastName=burt&Race=U&Sex=U&Age=&x=0&y=0 (last visited March 22, 2012). Plaintiff received hormone therapy prior to and during her incarceration

---

[1]Plaintiff did file a motion to modify a court order [D.E. 7], however, a subsequent motion to withdraw the motion has also been filed and is allowed [D.E. 17].

[D.E. 1, III. Statement of Facts ¶ 7].[2] On May 11, 2009, plaintiff was transferred to Federal Correctional Institution Butner-I ("F.C.I. - Butner-I") [Id. ¶ 8]. Plaintiff claims that she was immediately subjected to sexual harassment by other inmates and reported the incidents to both Dr. Adams of Psychological Services and A. Harris, her case manager [Id. ¶ 8 and 9]. She claims she expressed fear to both of these individuals as well [Id.]. This fear, she states, arose in part from the unlocked cell doors and thus she requested a transfer to where cell doors were locked at night [Id.]. It is undisputed the transfer was denied. It is undisputed that Tracy Johns knew it was denied.

Plaintiff claims that thereafter she was the victim of two separate assaults alleged to have occurred at F.C.I. Butner-I on June 15 or 16, 2009, and on November 9, 2009 [Id. ¶ 12].[3] In the June assault, plaintiff alleges a rape by two inmates, Harold English and Stanley Hervey [D.E. 24, ¶ 8]. In the November 9th assault, plaintiff was stabbed by Inmate English about the face and neck with a box cutter or blade of some type which was never recovered. That assault was witnessed by a guard and other inmates and the assault itself is not in dispute. Plaintiff asserts that the Bureau of Prisons did not safeguard her from predators.

Plaintiff alleges FTCA claims with respect to investigating her reports of threats, protecting her from those threats, responding to the attack by English, releasing her into the general population following the English attack, failing to transfer her to a facility with locked

---

[2]Plaintiff asks to be addressed as a female and the court shall do so [D.E. 23, p. 1].

[3]The court notes the complaint states the assault occurred on June 16, 2009. The response in opposition to the summary judgment references the incident as occurring on June 15, 2009. It appears to be the same incident.

cell doors at night, and failing to follow Bureau of Prisons "policies, rules, and procedure[s] before and on the night of November 7, 2009" [Id. at 12 ¶ 43].

Plaintiff's Bivens claims include defendants deprivation of plaintiff's Equal Protection in violation of the Fifth Amendment by placing her into the general population following the first assault and by denying her request for a transfer to another facility [Id. at 11 ¶ 40]. Plaintiff also claims that defendants violated her Eighth Amendment rights by "failing to provide any kind of safety to Plaintiff during the time before the November 7, 2009 assault" and by "subjecting [Plaintiff] to assault and deliberate indifference to [her] requests for help." [Id. ¶¶ 38, 41].

B. Appointment of Counsel

Plaintiff seeks the appointment of counsel [D.E. 16]. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Burt has asserted straightforward claims, and the case does not appear to present exceptional circumstances. The motion is denied [D.E. 16].

C. FTCA Analysis

The United States asserts that the FTCA claim must be dismissed under Rule 12(b)(1) of the Rules of Federal Civil Procedure based on the discretionary function exception which divests the court of jurisdiction over the claim. The liability of the United States under the FTCA is limited by the discretionary function exception. "Where this discretionary function exception

3

Case 5:10-ct-03156-BO   Document 26   Filed 03/26/12   Page 3 of 9

applies, the courts lack federal subject matter jurisdiction." Holbrook v. United States of America, ___ F.3d ___, 2012 WL 764471at *3 (4th Cir. 2012) (citing Williams v. United States, 50 F.3d 299, 304–05 (4th Cir.1995)).

The discretionary function exception relieves the United States of liability for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception is the "most important" exception to the FTCA's waiver of sovereign immunity. McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004). The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities to exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984).

To determine whether the discretionary function exception applies to conduct by a federal agency or employee, a court must determine first whether the challenged conduct "involves an element of judgment or choice." Holbrook, ___ F.3d ___, 2012 WL 764471 at *3 (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). "A government employee's conduct does not involve discretion where a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow' and 'the employee has no rightful option but to adhere to the directive.'" Id. at * 3 (quoting Berkovitz 486 U.S. at 536). "Where, however, a

4

regulation authorizes or requires employee discretion, 'it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'" Id. (quoting United States v. Gaubert, 499 U.S. 315, 324 (1991).

When a federal prisoner sues under the FTCA for injuries caused by a fellow inmate, circuit courts have uniformly held the action to be barred by the discretionary function exception. See, e.g., Donaldson v. United States, 281 Fed. App'x, 75, 76-78 (3d Cir. 2008) (upholding dismissal of an FTCA claim that federal prison employees failed to protect plaintiff from assault by a fellow prisoner on a finding that the claim was barred by the discretionary function exception); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002); Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir.1998) (reversing judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate); Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir.1998) (discretionary function exception applied to bar suit for prison officials' failure to warn plaintiff that his youthful appearance might make him vulnerable to attack or to place him in protective custody when plaintiff complained that fellow inmate was staring at him); Calderon v. United States, 123 F.3d 947 (7th Cir.1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); Buchanan v. United States, 915 F.2d 969 (5th Cir.1990) (discretionary function exception applied to FTCA claim for damages by prisoners held hostage during a prison uprising); see also, Graham v. United States, 2002 WL 188573 (E.D. Pa. Feb. 5, 2002).

Plaintiff's FTCA claim that federal officials negligently failed to protect him from assault by another inmate is barred by the discretionary function exception. Plaintiff's argument that the
5

policy provides for specific protection of an inmate from sexual assault and is thus outside of the discretionary exception function fails. Plaintiff relies on <u>Ashford v. United States of America</u>, 511 F.3d 501 (5th Cir. 2007). However, in that case there was a policy which required mandatory solitary confinement when gang safety concerns were raised by an inmate at the intake interview until an investigation could be conducted. <u>Id.</u> at 505. This case is different. Plaintiff relies on BOP Policy which states that "all staff will consult and **determine the actions to be taken** to prevent further sexually abusive behavior both the alleged victim . . . and/or by the alleged perpetrator" [D.E. 1, ¶ 16 (emphasis added)]. Clearly this policy does not provide for a mandatory course of action when an alleged sexual assault is feared or has occurred. Therefore, this court lacks subject matter jurisdiction over plaintiff's federal FTCA claim for failure to protect. <u>Williams</u>, 50 F.3d at 304-05.

The court next turns to the United States' argument that such a dismissal bars the <u>Bivens</u> suit as well. Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. "[B]y reason of the same subject matter" has been interrupted to mean "arising out of the same actions, transactions, or occurrences." <u>Serra v. Pichardo</u>, 786 F.2d 237 (6th Cir. 1986), <u>cert. denied</u>, 479 U.S. 826 (1986). The purpose of Section 2676 is to prevent dual recovery and to avoid the waste of government resources in defending repetitive suits. <u>See Hallock v. Bonner</u>, 387 F.3d 147, 154 (2nd Cir. 2004) (reversed on other grounds); <u>Gasho v. United States</u>, 39 F.3d 1420, 1437 (9th Cir. 1994). Courts have consistently held that a judgment on a FTCA claim bars a <u>Bivens</u> claim even if raised in the same suit. <u>Unus v. Kane</u>,

6

565 F. 3d 103 (4th Cir. 2009); Manning v. United States, 546 F.3d 430 (7th Cir. 2008); Harris v. United States, 422 F.3d 322 (6th Cir. 2005); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840 (10th Cir. 2005); Freeze v. United States, 343 F. Supp. 2d 477, 481 (M.D.N.C. 2004), aff'd, 131 Fed. App'x. 950 (4th Cir. 2005); and Sanchez v. Felts, Case No. 5:07–cv–0355 (S.D.W.Va. Sept. 26, 2011) (J. Johnston) ("[I]f a plaintiff elects to pursue a remedy under the FTCA to judgment, he risks dismissal of any Bivens claim if the Bivens claim arises from the 'the same subject matter' and is against the same 'employee whose act or omission gave rise to the claim.' This is true whether the FTCA claim is brought before or after the Bivens claim, or if, as here, both claims are brought in the same suit.")

Section 2676 also makes no distinction between favorable and unfavorable judgments. Unus, 565 F. 3d at 121–22; Harris, 422 F.3d at 334–35; Estate of Trentadue ex rel. Aguilar, 397 F.3d at 858; Freeze, 343 F.Supp.2d 481; Hoosier Bancorp of Ind., Inc. v. Rasmussen, 90 F.3d 180, 184–85 (7th Cir. 1996). Thus, a judgment on an FTCA claim, favorable or unfavorable, precludes a plaintiff from asserting a Bivens claim "arising out of the same actions, transactions, or occurrences." Clearly, the Bivens claim in this matter arises out of the same action, transactions, or occurrences, the two assaults alleged by plaintiff after her transfer to F.C.I.-Butner I and the prison's failure to protect her.

It remains unclear whether the dismissal of plaintiff's FTCA claim pursuant to Fed. R. Civ. P. 12(b091) constitutes a "judgment" for purposes of Section 2676. The question turns on whether the dismissal must be on the merits, and if so, is the dismissal under 12(b)(1) to be construed as one on the merits. See Pesnell v. Arsenault, 490 F.3d 1158 (9th Cir. 2007) (dismissal of the FTCA claim because the "action was not properly brought under the FTCA" did

7

not result in a "judgment" within the meaning of the judgement bar rule); Unus, 565 F.3d at 122 (the court does not address the issue but does hold the bar applicable where summary judgment was awarded in the FTCA and on the merits).

Because this issue has not been briefed by the United States, the court is not in a position to resolve the question of the Section 2676 bar as it applies to the Bivens claims. The parties are given additional time to supplement this argument as set out below.

D.  Bivens Analysis

The motion to dismiss, or alternatively for summary judgment, is dismissed without prejudice pending resolution of the section 2676 bar defense asserted by the United States. If the United States does not file additional arguments regarding the 2676 bar by May 1, 2012, then Magistrate Judge Webb shall enter a discovery plan order for the remaining Bivens action. The United States may reassert a qualified immunity argument by May 1, 2012; however, the United States will have to address Farmer v. Brennan, 511 U.S. 825 (1994), and its application to this case. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) ("As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'"); but see Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (A ruling on a defendant's claim of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.); see, e.g., Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987) (defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery); Harlow, 457 U.S. at 817–18 (same); Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished) (same).

8

E.  Conclusion

Accordingly, plaintiff's motion to withdraw a prior motion [D.E. 17] is ALLOWED and plaintiff's motion to modify the court's order [D.E. 7] is WITHDRAWN; the motion for appoint of counsel [D.E. 16] is DENIED; the government's motion to dismiss and alternatively for summary judgment [D.E. 20] is GRANTED in PART and DENIED in PART. The FTCA is DISMISSED pursuant to the Federal Rule of Civil Procedure 12(b)(1) under the discretionary exception function. The Bivens claims and the corresponding Motion to Dismiss and Alternatively for Summary Judgment is DENIED without PREJUDICE pending supplementation of the section 2767 bar issue. The supplementation must be filed by May 1, 2012, and plaintiff shall have 20 days to file a response thereto. If the government chooses to abandon that defense, Magistrate Judge Webb shall enter a discovery schedule order, unless the government files a subsequent motion to dismiss based on qualified immunity specifically addressing Farmer v. Brennan. If such a motion is filed, plaintiff shall have 20 days to file a response.

SO ORDERED, this the 25 day of March 2012.

TERRENCE W. BOYLE
United States District Judge